Cupp, J.,
dissenting.
{¶ 4} I would grant the state’s motion for clarification of this court’s decision in State v. Bodyke, to clarify that Bodyke does not apply to cases in which there is no prior court order classifying the defendant into a sex-offender category that existed under Megan’s Law. The majority decision in Bodyke states that it was based on the concern that R.C. 2950.031 and 2950.032 “require the attorney general to reclassify sex offenders whose classifications have already been adjudicated by a court and made the subject of a final order.” Bodyke, 126 Ohio St.3d 266, 2010-Ohio-2424, 933 N.E.2d 753, 2010 WL 2219064, at ¶ 61. To the extent that particular sex offenders have not been previously “adjudicated by a court” to be within a particular classification under prior law, those offenders are not affected by the Bodyke decision. I believe that the court should grant clarification for this limited purpose.
*1236 Russell V. Leffler, Huron County Prosecuting Attorney, for appellee.
Gamso, Helmick & Hoolahan and Jeffrey M. Gamso; and Hiltz, Wiedemann, Allton & Koch Co., L.P.A., and John D. Allton, for appellants.
Richard Cordray, Attorney General, Benjamin C. Mizer, Solicitor General, Alexandra T. Schimmer, Chief Deputy Solicitor General, David M. Lieberman, Deputy Solicitor, Christopher P. Conomy, Assistant Solicitor, and James A. Hogan, Assistant Attorney General, for amicus curiae Ohio Attorney General.
{¶ 5} For these reasons, I dissent from the majority’s decision to deny the motion for reconsideration and/or clarification.
O’Donnell, J., concurs in the foregoing opinion.